IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | : 24-mj-00088-LDA |
| vs. | : United States Courthouse<br>: Providence, Rhode Island |
| PATRICK DALLAS,<br>Defendant. | : Thursday, December 12, 2024 |

- - - - - - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR AN INITIAL APPEARANCE
BEFORE THE HONORABLE LINCOLN D. ALMOND
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
COURTROOM A

A P P E A R A N C E S:

For the Government: CHRISTINE D. LOWELL, AUSA
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

For the Defendant: JOANNE M. DALEY, AFPD
RI Federal Public Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Court Reporter: Lisa Schwam, CRR-RPR-RMR
One Exchange Terrace
Providence, RI 02903

12 DECEMBER 2024
(In open court)
THE COURT: This is Magistrate Judge Almond. We're on the record in the matter of the United States of America vs. Patrick Dallas. It is criminal case 24-mj-88. The matter is before the Court today for an initial appearance on a criminal complaint.
Can counsel present for this proceeding identify themselves for the record starting with the government
MS. LOWELL: Good morning, your Honor. Christine Lowell for the United States.
THE COURT: And for the defendant today.
MS. DALEY: Good morning, your Honor. Joanne Daley for the defendant, Patrick Dallas.
THE COURT: All right. Before I address Mr. Dallas, I just want to confirm a couple of things with you, Ms. Daley. First, have you had a chance to go over the criminal complaint and supporting affidavit and explain to Mr. Dallas what he's been charged with here?
MS. DALEY: Yes, your Honor.
THE COURT: All right. Have you also gone over with him his right to a preliminary hearing?
MS. DALEY: Yes, your Honor.
THE COURT: All right. Does he wish to have

such a hearing?

MS. DALEY: No, your Honor. He's waiving the preliminary hearing.

THE COURT: All right. Mr. Dallas, I do want to remind you that you have the right to remain silent. You're not required to make any statements or answer any questions about the criminal charges brought against you in this case or about anything for that matter.

Do you understand you have the right to remain silent?

THE DEFENDANT: Yes, your Honor.

THE COURT: You are entitled to an attorney in this proceeding. I've reviewed a financial affidavit that you signed. Based on that affidavit and also my knowledge that you have a substantial restitution order on a conviction out of the Eastern District of New York, I find that you cannot afford an attorney under those circumstances and that you're entitled to a court-appointed attorney. So I'm appointing attorney Joanne Daley, who is seated next to you, to represent you in this criminal case at no cost.

Do you understand that, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Now, you are charged in

this district with being part of a conspiracy to commit mail and wire fraud and money laundering involving the proceeds of such fraud. It's alleged that you engaged in this conspiracy or criminal agreement with others, including Owen Byfield and Stacey Robinson. The object of this scheme was essentially a sweepstakes scheme where people were advised they had won some form of lottery or sweepstakes and were required to send in some money as an initial payment or payment towards taxes in order to get access to their winnings. It's alleged that all of those representations were false and intended to deceive the victims to send money and other property to you and the other coconspirators.

Do you understand what you've been charged with in this criminal complaint, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Now, you do have a right under our rules to something we call a preliminary hearing or probable cause hearing. Many defendants waive that right after consulting with their attorney, and I have before me a waiver form signed by you and your attorney indicating that you wish to waive preliminary hearing.

Now, did your attorney explain to you what a preliminary hearing was before you signed this waiver

form, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: Did she answer all of your questions about that, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: I'm going to explain to you briefly what a preliminary hearing is. After you hear my explanation, if you have any further questions or concerns or even second thoughts about waiving that you would like to discuss further with Ms. Daley, let me know that and we can shut the microphones off and you can speak to her off the record to get legal advice. If ultimately you decide to change your mind and indicate you want a preliminary hearing, I can return this signed waiver form to your attorney and she will dispose of it and we'll schedule a preliminary hearing in the future.

So a preliminary hearing is not a final trial where any final decision is made regarding your guilt or innocence of the fraud crimes charged against you in this case. It's an initial proceeding where the government has the fairly low burden of trying to convince me there's probable cause to believe that you were part of this fraud conspiracy.

As you may know from your other criminal case,

in order for the government to ultimately prove somebody guilty of a felony crime, they have to prove guilt beyond a reasonable doubt to a jury after a trial, and that's a high burden on the government. However, at this early stage, the government has this lower burden called probable cause which only requires them to convince me that it's more likely than not that you committed the crimes charged.

If you requested a preliminary hearing, what would likely happen is the government would put on one of the investigating federal law enforcement agents on the witness stand who would testify under oath about the evidence they believe they've gathered against you and your coconspirators in this fraud case. Your attorney could question that agent and offer any other argument or evidence she thought was relevant to the issue of probable cause.

After hearing all the evidence, I would decide not if you're guilty beyond a reasonable doubt, but simply if the government can meet that initial probable cause standard. As I indicated earlier, many -- most defendants after consulting with their attorney do waive preliminary hearing, but that's of course not required and if you wish to have such a hearing, I can schedule one in the next couple of weeks.

After hearing my explanation, Mr. Dallas, do you have any concerns, questions or second thoughts about waiving that you would like to discuss further with your attorney before we proceed?

THE DEFENDANT: No, your Honor.

THE COURT: Do you understand what a preliminary hearing is, Mr. Dallas?

THE DEFENDANT: Yes, sir, your Honor.

THE COURT: Do you wish to waive preliminary hearing in this case, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: Has anyone made any threats or promises to you to induce you to waive preliminary hearing today?

THE DEFENDANT: No, your Honor.

THE COURT: I find the defendant understands his right to a preliminary hearing and today has made a knowing and voluntary waiver of that right and that right only with the advice and assistance of his attorney. He has not waived any other defenses or admitted guilt. He's simply waived preliminary hearing as many defendants do who appear in this court. So I will accept your waiver form.

At this point I am going to remind the government and order that they produce all exculpatory

evidence to the defense in a timely fashion as required by the *Brady* Supreme Court decision and its progeny and alert them that failing to do so can have adverse consequences including dismissal of criminal charges, adverse jury instructions and other contempt-like sanctions. And I will issue a written order to that effect as well as required by the applicable procedural rule.

So as I understand the defendant's posture before this court, he pled guilty to a single felony count in a, for lack of a better word, an immigration fraud scheme charged out of the Eastern District of New York. He received a 14-month prison sentence and is held on that sentence, although I don't think he's been turned over to BOP custody but he's counting time against that sentence.

So under those circumstances, Ms. Daley, it would seem to me the issue of bail on this case is academic because he's going to be held until he completes that sentence anyway?

MS. DALEY: Yes, your Honor. For the record, we would reserve on bail.

THE COURT: Okay. So I am going to order the defendant held as well on this case. Mr. Dallas, if you complete -- when you complete the pending sentence

and are released, you would still be held on this charge and your attorney could argue for bail at that point after consulting with you if she thought there was a basis for such an argument before the Court, but I am going to order you held.

All right. I think we've dealt with everything we needed to today in this matter. Anything further from the government, Ms. Lowell?

MS. LOWELL: No, your Honor.

THE COURT: Anything further from the defense today, Ms. Daley?

MS. DALEY: Yeah. I just want to confirm that the matter is unsealed so I can give Mr. Dallas copies of his complaint?

MS. LOWELL: Yes, I believe it is, your Honor.

THE COURT: It's unsealed, Jeannine? The other codefendants have already appeared and, frankly, I assumed it was unsealed because he was -- we knew he was in federal custody.

MS. DALEY: Thank you, your Honor.

THE COURT: All right. So as I said, I am going to order the defendant held. Just -- I don't know -- deputy, do you know, is he going to be maintained at the Wyatt while this case proceeds?

THE DEPUTY: Yes, your Honor.

THE COURT: So you're going to be held locally, Mr. Dallas, while this case goes forward so your attorney has access to confer with you on this case. So you won't be transferred out in BOP custody to another facility somewhere else in the country; you'll stay locally while this case is pending. But the time you serve here will count against that New York sentence.

All right. Court will be in recess. Thank you.

THE CLERK: All rise.

(Proceedings concluded)